## Commonwealth ex rel. v. Hemerka et al.

*Frederick E. Lark*, for plaintiff.
*Louis Cohen*, for defendants.

TROUTMAN, J., January 9, 1948.—This habeas corpus proceeding was instituted by the Northumberland County Institution District in its capacity as the child welfare agency of Northumberland County, to

obtain possession and custody of John Schraft, a minor child of the age of 13 years, from respondents, Martin Hemerka and Elizabeth Hemerka, his wife.

It appears from the testimony that on May 5, 1947, John Schraft was placed in the custody of the Northumberland County Child Welfare Service because of the inability of his father to properly care for him and provide him with a home. This was done at the request of the father without an order of court. As a matter of fact, four of the Schraft children were taken at that time. Shortly thereafter, the child welfare service placed John Schraft and his brother in the home of respondents, it having been designated as a foster home for the caring of these charges of the child welfare service. The brother of John Schraft left the Hemerka home and the child in question remained there until the present time, the institution district paying the sum of $7 per week for his maintenance together with the furnishing of various articles of clothing. There was no arrangement that respondents could keep John indefinitely and custody was obtained by them under the aforesaid oral agreement. The child remained with the Hemerka family at the expense of the institution district until November 24, 1947, when he was taken by Miss Betty Hoffman, an investigator of the institution district, from the Hemerka residence to the home of Mr. and Mrs. Clyde Fosnot, where he remained until December 1, 1947, on which date he left the Fosnot home without permission and returned to the Hemerka residence, where he has remained. On December 2, 1947, the investigator of the institution district demanded the return of the child and respondents refused to give up the child's custody.

There is no question that respondents have furnished the child with a proper home, it having been approved by the institution district itself in May 1947. The institution district had obtained a new home for the child where he was to be kept free of charge, and from all of the testimony, the new home secured by the insti-

tution district was in every way suitable for the best interests and welfare of the said minor.

After carefully reviewing the testimony in this case, we are of the opinion that the institution district obtained custody of John Schraft at the time he was turned over to the district by his father and that legal custody remained in the said institution district when it arranged for the boarding of the said minor in the Hemerka home. In the absence of any testimony to the contrary, there was no agreement entered into between the institution district and respondents whereby they were to retain custody of the said minor child regardless of the wishes of the said institution district. We are of the opinion that legal custody of the said John Schraft remained in the institution district and that respondents are without any right to refuse to return the child to the said district even though some attachment has apparently grown up between the child and Mr. and Mrs. Hemerka.

The child welfare service of the county institution district having obtained custody of the said minor child and having assumed the care, supervision and maintenance of the said minor child, it is not proper for this court to interpose its opinion and discretion upon the child welfare service of the county when that responsibility has been bestowed upon the institution district by law and where there has been no testimony to show that there has been an abuse of discretion on the part of the county institution district.

Therefore, the writ of habeas corpus must be allowed and said respondents, Martin Hemerka and Elizabeth Hemerka, be directed to give up the custody of the said male minor child, John Schraft, to the Child Welfare Service of the Northumberland County Institution District.

### Order

And now, to wit, January 9, 1948, the writ of habeas corpus is allowed and it is hereby ordered, adjudged

and decreed that said respondents, Martin Hemerka and Elizabeth Hemerka, give up and deliver the custody of the said minor child, John Schraft, to the officials of the Child Welfare Service of the Northumberland County Institution District. Costs to be paid by petitioner. Let an exception be noted and bill sealed for respondents.